## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 11-23508-Civ-COOKE/TURNOFF

MARIA BLANCO, individually, and as
plenary guardian for JOSE BLANCO,
an incapacitated person,

       Plaintiffs

vs.

CAPFORM, INC.,

       Defendant.

_____/

### OMNIBUS ORDER ON DEFENDANT'S MOTIONS IN LIMINE

THIS MATTER is before me on the parties' Joint Summary of Motions in *Limine*

(ECF No. 117-7). Defendant Capform, Inc. ("Capform") has presented six motions in

*limine* and Maria Blanco, individually and as a plenary guardian for Jose Blanco

(together "Plaintiffs") has filed Responses. I will address each Motion in turn.[1]

"The purpose of an in *limine* motion is to aid the trial process by enabling the

Court to rule in advance of trial on the relevance of certain forecasted evidence, as to

issues that are definitely set for trial, without lengthy argument at, or interruption of, the

trial." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y.

2008) (citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Any evidence,

tending to make the existence of any fact of consequence more probable or less probable,

is relevant and admissible, except as the Federal Rules of Evidence otherwise provide.

Fed. R. Evid. 401; 402. Relevant evidence "may be excluded if its probative value is

---

[1] The facts of this case are set forth in my December 7, 2012 Order Denying Defendant's Motion
for Summary Judgment. ECF No. 144.

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403.

I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this order, it is **ORDERED and ADJUDGED** that Capform's Motions in *Limine* are **GRANTED**, **DENIED,** or **GRANTED in part and DENIED in part**, as follows:

1.      Capform's Motion *in Limine* No. 1 to prohibit opinion testimony is **GRANTED in part and DENIED in part**. *See* Joint Summary of Mot. *in Limine* 6-7; 23. Capform requested that Plaintiffs be prohibited from eliciting lay opinion and legal conclusion testimony from the fact witnesses. *See id.* Specifically, Capform wishes to exclude instances where Plaintiffs' counsel asked fact witnesses whether Capform employees' actions were reckless or grossly negligent. *See id.*

Pursuant to Federal Rule of Evidence 701, lay witness testimony must be limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. Federal Rule of Evidence 701, however, does not prohibit lay witness testimony on matters of common knowledge that traditionally have been the subject of lay opinions, or testimony based upon the lay witnesses particularized knowledge garnered from years of experience within the field. *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.*, 320 F.3d 1213, 1223 (11th Cir. 2003). Accordingly, Plaintiffs may use lay witness testimony based on these witnesses' perception or their

experience in the field.  At trial, I will therefore consider challenges to specific evidence on a case-by-case basis.

Statements by lay witnesses that include legal conclusions, however, are improper and inadmissible at trial.  *Ojeda v. Louisville Ladder Inc.*, 410 F. App'x 213, 215 (11th Cir. 2010).  Accordingly, I find that Plaintiffs should not be allowed to use or elicit testimony at trial on the ultimate issue of whether Capform's conduct was reckless or grossly negligent.

2.     Capform's Motion *in Limine* No. 2 to limit past medical expenses to the amount paid by the worker's compensation carrier is **GRANTED**.  *See* Joint Summary of Mot. *in Limine* 9-10; 26.  Capform argues that Plaintiff should be prohibited from introducing the total amount billed by medical providers.  *See id.* at 9-10.  Instead, Capform contends that Plaintiffs should introduce only at trial the amounts actually paid by, or on behalf of, Plaintiffs, and not the expenses paid by the worker's compensation carriers, Medicaid, or Medicare.  *See id*.  Plaintiffs, on the other hand, contend that they should be allowed to introduce the gross amount of Jose Blanco's medical bills without offsets for the contractual discounts obtained.  *See id* at 26.  Plaintiffs also argues that Capform should be prohibited from introducing evidence of worker's compensation benefits.  *See id.*

Florida Statute 768.76 states in pertinent part:

(1) In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to the claimant, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists.

Pursuant to Florida Statute 440.39(2), however, an employer or workers'
compensation carrier has a right of subrogation to the rights of the employee.  Florida
Statute 440.39(2) states as follows:

> (2)   If the employee or his or her dependents accept compensation or
> other benefits under this law or begin proceedings therefor, the employer
> or, in the event the employer is insured against liability hereunder, the
> insurer shall be subrogated to the rights of the employee or his or her
> dependents against such third-party tortfeasor, to the extent of the amount
> of compensation benefits paid or to be paid as provided by subsection (3).

Accordingly, if Capform is found to be grossly negligent, damages should include
the amount of benefits under the Florida Workers' Compensation statutory scheme;
*Bruner v. Caterpillar, Inc.*, 627 So. 2d 46 (Fla. 1st DCA 1993) (holding that workers'
compensation benefits could not be deducted from the recovery in a civil suit because the
workers' compensation insurer had a statutory right of subrogation).  The damages,
however, should not include medical expenses, which were credited, adjusted, or written
off by the health care providers and not paid neither by Plaintiffs nor the workers'
compensation carrier.  *See Thyssenkrupp Elevator Corp. v. Lasky*, 868 So. 2d 547, 549
(Fla. Dist. Ct. App. 2003) (finding that it was error to present to the jury evidence of
medical expenses charged instead of the medical expenses actually paid in full
satisfaction of the total charge).

Finally, I agree with Plaintiffs that evidence of worker's compensation benefits
should not be admitted at trial.  The collateral source evidentiary rule prohibits admission
of collateral sources in a liability trial.  *Gormley v. GTE Products Corp.*, 587 So. 2d 455,
457-58 (Fla. 1991) (collecting cases) (finding that introduction of collateral source
evidence misleads the jury on the issue of liability and, thus, subverts the jury process);

*see also State Farm Fire & Cas. Co. v. Pettigrew*, 884 So. 2d 191, 196 (Fla. Dist. Ct. App. 2004) ("[The collateral source evidentiary rule] has long been applied to exclude evidence related to workers' compensation benefits from admission in a trial of an injured worker's claims against a third party").

      3.      Capform's Motion *in Limine* No. 3 to exclude evidence regarding prior incidents is **DENIED**.  *See* Joint Summary of Mot. *in Limine* 12-13; 29.  Capform argues that the probative value of these incidents is outweighed by the risk of unfair prejudice, confusion of the issues and will mislead the jury.  *See id.* at 12-13.  Plaintiffs contend that these incidents show that Capform was on notice that falling debris could injure someone outside of a Control Access Zone ("CAZ").

      I find these incidents relevant to the issue of whether Capform expected or should have expected that someone outside of a CAZ could be injured by a falling debris.  "On the issue of notice or knowledge, the court may permit evidence of prior incidents, so long as the conditions of the prior incidents are substantially similar to the occurrence in question and are not too remote in time."  *Wyatt v. Otis Elevator Co.*, 921 F.2d 1224, 1227 (11th Cir. 1991).  I find these incidents substantially similar to the one in which Jose Blanco was injured because they all involve falling debris on the 900 Biscayne Bay Project.  They are also not too remote in time since they occurred within the two years prior to the incident involving Jose Blanco.  I find that the probative value of these incidents is not outweighed by the risk unfair prejudice and confusion of the issues.  Capform may introduce evidence at trial that it was not on notice of these prior incidents.

      4.      Capform's Motion *in Limine* No. 4 to exclude testimony regarding the immigration status of its employees is **GRANTED**.  *See* Joint Summary of Mot. *in*

*Limine* 15-16; 32.  The motion is unopposed.  *See id* at 32.  The immigration status of

Capform employees has no probative value in this case.

     5.     Capform's Motion *in Limine* No. 5 to exclude testimony that Capform

employees where working on an inadequate platform at the time of the accident is

**DENIED**.  *See* Joint Summary of Mot. *in Limine* 18; 34.  Capform argues that Plaintiffs'

expert, Donald Green, speculates that Capform employees were working on an

inadequate platform to come to the conclusion that Capform was grossly negligent.  *See*

*id.* at 18.  Plaintiffs contend that Mr. Green bases his testimony on the picture of the

platform found in the incident report and testimony that the picture depicts the platform

Capform employees were using.  *See id.* 34.

     The Eleventh Circuit held that "Expert testimony is admissible which connects

conditions existing later to those existing earlier provided the connection is concluded

logically.  Whether this logical basis has been established is within the discretion of the

trial judge and the weaknesses in the underpinnings of the expert's opinion go to its

weight rather than its admissibility."  *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662-63

(11th Cir. 1988).  Accordingly, provided that Plaintiffs lay proper foundation for the use

of the picture, I find that Plaintiffs' expert testimony based on the picture of the platform

is not speculative and should be allowed at trial.  Further, Capform may point to

Plaintiffs' expert weaknesses during cross-examination.

     6.     Capform's Motion *in Limine* No. 6 for bifurcation of punitive damages

claim is **GRANTED**.  *See* Joint Summary of Mot. in *Limine* 20;37.  Capform argues that

evidence of the valuation of Capform is not relevant to the issue Capform's liability or

gross negligence and any probative value of Capform's value as a company is

substantially outweighed by the risk of unfair prejudice to Capform.  *See id.* at 20.

Plaintiffs argue that bifurcation should be denied because it is not conducive to

expedition or economy and Capform has demonstrated no prejudice.  *See id.* at 37.

Rule 42(b) of the Federal Rules of Civil Procedure, entitled "Separate Trials,"

provides as follows:

> (b) The court, in furtherance of convenience or to avoid prejudice, or when
> separate trials will be conducive to expedition and economy, may order a
> separate trial of any claim, cross-claim, counterclaim, or third-party claim,
> or of any separate issue or of any number of claims, cross-claims,
> counterclaims, third-party claims, or issues, always preserving inviolate
> the right of trial by jury as declared by the Seventh Amendment to the
> Constitution or as given by a statute of the United States.

Rule 42(b) affords a district court some discretion in allowing bifurcation.  *Griffin

v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001).  "Whether to bifurcate a trial

is a matter to be decided on a case-by-case basis and must be subject to an informed

discretion by the trial judge in each instance." *Brown v. Toscano*, 630 F. Supp. 2d 1342,

1345 (S.D. Fla. 2008) (citing *Innovative Office Prods. v. Spaceco, Inc.*, No. 05-04037,

2006 WL 1340865, at *1 (E.D. Pa. 2006)).  I agree that Capform may be prejudiced by

the introduction of evidence related to Capform's value before the determination of

liability is made.  Jose Blanco suffered a catastrophic injury and evidence of Capform's

net worth may render some jurors more inclined to find Capform liable because, in their

perception, Capform could afford to compensate the Plaintiffs.   In this case, while

bifurcation in this case will not necessarily serve judicial economy, it will not

significantly and unnecessarily delay the proceedings either.   Accordingly, I find

bifurcation appropriate.

      **DONE and ORDERED** in chambers, at Miami, Florida, this 9th day of January

2013.

_MARCIA G. COOKE_

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*